UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WILLIAM SALAMANCA, *individually and on behalf of all others similarly situated*,

                        Plaintiff,

    -against-

"ABC CORPORATION", *name of the corporation begin ficticious and unknown to Plaintiff doing business as* GREEN VALLE TREE SERVICE, WALTER VALLE, and SANDRO FLORES, *as individuals*

                        Defendants.
------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

19-CV-1335 (RRM)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

By way of Complaint filed March 7, 2019, Plaintiff William Salamanca ("Plaintiff" or "Salamanca") commenced this action, on behalf of himself and all others similarly situated, seeking, *inter alia*, unpaid overtime compensation from Defendants "ABC Corporation, name of the corporation begin [*sic*] ficticious [*sic*] and unknown to Plaintiff, doing business as Green Valle Tree Service" ("Green Valle"), Walter Valle ("Valle"), and Sandro Flores ("Flores," together with Valle, the "Individual Defendants," collectively with Green Valle, "Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL").  *See* Complaint ("Compl."), Docket Entry ("DE") [1].[1] Presently before the Court, on referral from the Honorable Roslynn R. Mauskopf for Report and Recommendation, is Plaintiff's motion for default judgment.  *See* DE [9].

---

[1] Although the caption indicates the intent to proceed as a class or collective action, no motion for certification was ever filed.

For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion be denied without prejudice.

## I.  Background

The following facts, which are presumed true for the purpose of this motion, are taken from the Complaint.[2]

The instant action stems from Defendants' alleged failure to pay overtime and spread-of-hours wages to Plaintiff, or to provide him with required wage notices and statements. *See generally* Compl. Green Valle is in the business of landscaping and is purportedly a New York corporation located in Hempstead, NY. *See id.* ¶¶ 9-10, 27. The Individual Defendants are both Chief Executive Officers of Green Valle who own and operate the company. *See id.* ¶¶ 11-12, 18-19. Salamanca worked for Defendants from approximately June 2016 through November 2016 and again from April 2017 through December 2018. *See id.* ¶ 26. Plaintiff's responsibilities included landscaping, tree cutting and trimming, and "performing other miscellaneous duties." *See id.* ¶ 27. During his employment, Salamanca worked roughly 72 hours per week, and was paid approximately $180 per day worked in 2016-2017 and about $200 per

---

[2] The Court notes that the Complaint, along with the papers submitted in support of the instant motion, are scant at best. By way of example: (i) the Complaint contains numerous conclusory allegations based solely on information and belief; (ii) Plaintiff's memorandum of law contains a brief recitation of the basic procedures regarding default judgments, yet is devoid of *any* authority supporting his claims; (iii) the motion is not supported by any sworn declarations by Salamanca, but instead relies solely on an unsworn "affirmation" by his counsel, who does not aver to have any personal knowledge of the underlying facts, *see* Attorney Affirmation of Roman Avshalumov in Support of Motion for Default Judgment ("Avshalumov Aff."), DE [11]; and (iv) Plaintiff's purported damages chart lacks any foundation, authentication, or explanation as to how the approximate work schedules and compensation set forth in the Complaint amount to the sum certain Salamanca asserts he is entitled to. To compound matters, Avshalumov's Affirmation fails to verify the truth of its contents in contravention of the requirements of a federal declaration. *See* 28 U.S.C. § 1746.

2

day worked in 2018. *See id*. ¶¶ 28, 30. Plaintiff was never paid time-and-a-half for hours worked in excess of 40 in a given week, nor was he compensated for an extra hour on days he worked more than ten hours. *See id*. ¶¶ 30-31. In addition, Defendants failed to provide Salamanca with the annual wage notices or regular wage statements required by the NYLL. *See id*. ¶¶ 62, 65.

Based on the foregoing, Plaintiff commenced this action against Defendants on March 7, 2019. *See* DE [1]. The Complaint seeks redress for unpaid overtime and spread-of-hours wages under the FLSA and NYLL, in addition to statutory damages for Defendants' failure to provide wage notices pursuant to the NYLL. *See* Compl., First through Fifth Causes of Action. Salamanca served the Summons and Complaint on Green Valle and Valle on March 14, 2019, and on Flores on March 18, 2019. *See* DEs [4] – [6]. Defendants failed to respond or otherwise appear, and, as such, the Clerk of the Court noted their default on July 9, 2019. *See* DE [8]. On August 21, 2019, Plaintiff moved for a default judgment, *see* DE [9], and Judge Mauskopf subsequently referred the motion to this Court for a Report and Recommendation. *See* August 22, 2019 Electronic Order Referring Motion.

## II.  Default Judgment Standard

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may

3

apply for entry of a default judgment. *See* Fed. R. Civ. P. 55(b). When a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied"). However, "[it] is well established that a party is not entitled to default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (internal quotation and citation omitted).

A plaintiff seeking a default judgment must demonstrate that his "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrara v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015) (internal quotations and citation omitted). Accordingly, "prior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal brackets, quotation, and citation omitted).

4

To that end, "[f]ollowing *Iqbal and Twombley*, federal courts have declined to enter default judgments based upon complaints lacking sufficient factual allegations to establish liability under the FLSA." *Day An Zhang v. L.G. Apparel Inc.*, No. 09-cv-3240, 2011 WL 900183, at *2 (E.D.N.Y. Feb. 18, 2011), *report and recommendation adopted*, 2011 WL 900950 (E.D.N.Y. Mar. 15, 2011) (collecting cases); *see also Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-cv-4895, 2018 WL 3742696, at *4 (E.D.N.Y. May 18, 2018) ("a party in default does not admit conclusions of law") (internal quotation and citation omitted). Further, liability generally cannot be established through conclusory assertions based solely on information and belief, unless such allegations state facts primarily within Defendants' knowledge. *Flanagan v. Odessy Constr. Corp.*, No. 17-cv-1040, 2018 WL 1179889, at *4 (E.D.N.Y. Feb. 9, 2018), *report and recommendation adopted,* 2018 WL 1175164 (E.D.N.Y. Mar. 6, 2018).

If liability is established, the court must ascertan damages with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). To prove damages, the movant need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup*, 973 F.2d at 159. Notwithstanding, "a court may not-rubber stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Lent v. CCNH, Inc.*, No. 13-cv-942, 2015 WL 3463433, at *10 (N.D.N.Y. June 1, 2015). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other

5

documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991). Thus, "[p]roof of damages must … be based on admissible, authenticated evidence. *Trustees of Local 7 Tile Indus. Welfare Fund v. Star Const. Marble & Granite, Inc.,* No. 10-cv-1882, 2011 WL 4458977, at *2 (E.D.N.Y. Sept. 6, 2011), *report and recommendation adopted sub nom.*, 2011 WL 4440307 (E.D.N.Y. Sept. 23, 2011) (citing *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) (collecting cases)). An attorney affirmation that purports to calculate damages but fails to allege personal knowledge of the relevant facts or documents will not suffice to warrant an award. *See id.* (citing *LaBarbera v. Rockwala Inc.*, No. 06-cv-6641, 2007 WL 3353869, at *1 (E.D.N.Y. Nov. 8, 2007) ("The absence of an affidavit by a person with actual knowledge of the facts, supported by appropriate documentation, deprives the court of the ability to make an independent assessment of the damages to be awarded").

**III. Discussion**

Applying the above standards, and for the reasons stated below, the Court concludes that Salamanca has failed to adequately establish liability or damages, and respectfully recommends denying Plaintiff's motion for a default judgment without prejudice to renew upon curing the deficiencies detailed herein.

### A. <u>Liability</u>

#### i. <u>Liability Against Fictitious Entities</u>

Initially, the Court respectfully recommends that a default judgment be denied against Green Valle by virtue of its being sued as a fictitious corporation. The Court is unaware of any authority whereby a judgment can be entered against a fictitious entity, and Plaintiff does not assert that such action is feasible. Indeed, courts in this district have declined to enter such judgments. *See CIT Bank, N.A. v. Paganos*, No. 14-cv-3987, 2015 WL 13731361, at n. 6 (E.D.N.Y. Sept. 25, 2015), *report and recommendation adopted as modified,* 2016 WL 3945343 (E.D.N.Y. July 19, 2016) (citing *Sanders v. Gilbert*, 46 F.3d 1145 (9th Cir. 1995) ("entry of a default judgment is inappropriate against a fictitious party defendant")*; see also United States v. Callard*, No. 11-cv-4819, 2013 WL 6173798, at *4 (E.D.N.Y. Nov. 19, 2013) (Although "fictitious names may be used for defendants at the commencement of a lawsuit when the identities of those defendants are not yet known … the Plaintiff has not … pointed to any legal authority establishing that the Clerk of the Court may note the default of parties that are fictitious"). Salamanca's motion contains no discussion of any efforts to ascertain the legal identity of Green Valle, nor does he even acknowledge that this scenario is problematic. Accordingly, the Court respectfully recommends that a default judgment against Green Valle be denied.

#### ii. <u>Fair Labor Standards Act</u>

Turning to the substance of Plaintiff's FLSA allegations, the Court respectfully recommends that Salamanca's motion be denied in its entirety against all Defendants

7

for failure to establish the threshold requirement that an employer-employee relationship exists between the parties. At the outset, Plaintiff must establish that Defendants are employers that are engaged in interstate commerce in order to be afforded protection under the FLSA. *See* 29 U.S.C. § 207; *D'Arpa v. Runway Towing Corp.*, No. 12-cv-1120, 2013 WL 3010810, at *13 (E.D.N.Y. June 18, 2013). The statute defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee …." 29 U.S.C. § 203(d).

To determine whether someone is an "employer" under the FLSA, the Second Circuit utilizes the economic realities test, which focuses on "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-105 (2d Cir. 2013) (internal quotation and citation omitted). The analysis depends on whether a defendant had "operational control" over employees. *Id.* at 110.

Here, Plaintiff fails to assert facts establishing that Defendants satisfy the economic realities test. Indeed, the "Factual Allegations" section of the Complaint contains no claim that Valle or Flores played any role in the hiring, supervision, or compensation of Salamanca. *See* Compl. ¶¶ 26-34. Instead, the "Parties" section of the Complaint alleges, entirely upon information and belief, that the Individual Defendants: (i) own and/or operate Green Valle; (ii) are each its Chief Executive Officer; (iii) have power over personnel and payroll decisions; and (iv) can hire and

8

fire employees and establish their wages, set their schedules, and maintain their employment records. *See id*. ¶¶ 11-24. Plaintiff also alleges that the Individual Defendants were his "employer," but fails to provide any factual support on this point. *See id*. ¶¶ 17, 24. With respect to Green Valle, the Complaint similarly omits any contention that the entity controlled or ratified any employment-related decisions. *See generally id*. These conclusory allegations and vital omissions – on issues that would be within Salamanca's personal knowledge through his employment – fall short of the minimal pleading requirements necessary to establish liability as a matter of law. *See Flanagan*, 2018 WL 1179889, at *4. Moreover, the instant motion does not include any additional filings that might bolster an otherwise bare-bones Complaint. Accordingly, Plaintiff has failed to establish that Defendants were his employer, militating against a finding of FLSA liability.

In addition, a default judgment is inappropriate because Plaintiff fails to establish that Defendants operate an enterprise engaged in interstate commerce, as required for liability pursuant to the FLSA. An employer is liable for wage violations under the statute "if it hires an employee who either: 1) is engaged in commerce or in the production of goods for commerce or 2) is employed by an enterprise engaged in interstate commerce or in the production of goods for interstate commerce." *See Valdez v. H & S Rest. Operations, Inc.*, No. 14-cv-4701, 2016 WL 3079028, at *2 (E.D.N.Y. Mar. 29, 2016), *report and recommendation adopted*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016) (citing 29 U.S.C. §§ 203(r), (s), 207(a)). An "enterprise engaged in interstate commerce" is an entity "whose annual gross volume of sales

9

made or business done is not less than $500,000" and has employees that engage in interstate commerce. *See Id.* (citing 29 U.S.C. § 203(s)(1)). Finally, "[e]mployees are 'engaged in commerce' within the meaning of the [FLSA] when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 779.103.

Here, the Complaint fails to adequately allege that Defendants are engaged in interstate commerce, and merely asserts one conclusory allegation, again based only on information and belief, containing a verbatim recitation of the statute without any description of Defendants' business operations. *See* Compl. ¶ 25; *cf. Day An Zhang*, 2011 WL 900183, at *3 ("These conclusory allegations, without any factual details addressing defendants' interstate activities, fail to establish that plaintiff was personally engaged in the production of goods for commerce.") (internal citation omitted). Accordingly, the Court respectfully recommends denying Plaintiff's motion with respect to his FLSA claims in light of his failure to establish the necessary employer-employee relationship.

### iii. New York Labor Law

The Court similarly recommends denying Salamanca's motion with respect to his NYLL causes of action. "The New York Labor Law 'is the state analogue to the federal FLSA.'" *D'Arpa*, 2013 WL 3010810, at *18 (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011)). As such, "the standards by which a court determines whether an entity is an employer under the FLSA also govern that

10

determination under the New York labor law." *Wolman v. Catholic Health Sys. of Long Island, Inc.*, No. 10-cv-1326, 2013 WL 1335748, at *2 (E.D.N.Y. Mar. 29, 2013). Indeed, "[t]o determine whether an individual is an 'employer' under both statutes, courts in this circuit consider the 'economic reality' of the employer-employee relationship." *Serrano v. I. Hardware Distributors, Inc.*, No. 14-cv-2488, 2016 WL 1441469, at *2 (S.D.N.Y. Apr. 7, 2016) (internal citation omitted). Accordingly, because Plaintiff has failed to establish an employer-employee relationship, the Court respectfully recommends denying Salamanca's motion for default judgment on his NYLL claims for the same reasons that the motion should be denied as to his FLSA causes of action.

### B. Damages

The Court notes that even if Plaintiff had established Defendants' liability, his request for more than $300,000 in damages would still be inappropriate based on the lack of evidentiary support. *Trustees of Local 7 Tile Indus. Welfare Fund,* 2011 WL 445897 ("Proof of damages must … be based on admissible, authenticated evidence"). The Complaint alleges that Salamanca worked "approximately" 72 "or more" hours per week, while being paid a flat rate of "approximately" $180 or $200 per day, with no additional compensation for hours worked in excess of 40 in a given week. *See* Compl. ¶¶ 28-30. In support of his motion, however, rather than attempting to substantiate or clarify his claims, Salamanca merely submits his attorney's affirmation, which repeats some of the allegations of the Complaint verbatim and includes a "Labor Law Calculation" lacking any foundation or explanation. *See*

*generally* Avshalumov Aff.; Ex. F thereto. Counsel does not contend he has any personal knowledge of the underlying facts, nor does he explain the basis for the calculations. *Cf. Lent*, 2015 WL 3463433, at *11 ("Plaintiff's … motion for default judgment includes a one-page statement of amount due in default judgment [and] three-page attorney affirmation …. Plaintiff's submissions are plainly insufficient for the Court to ensure that there is a basis for the … damages….") (citing *Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 111). Accordingly, Salamanca falls far short of his evidentiary burden, and the Court, in turn, respectfully recommends denying his motion for a default judgment with respect to both liability and damages.

## IV. Conclusion

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for default judgment be denied without prejudice, and with leave to renew upon curing the deficiencies detailed herein.

## V. Objections

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of this Report and Recommendation on Defendants and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-cv-3696, 2008 WL 4951035, at

*2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           October 30, 2019            /s/ Steven I. Locke
                                       STEVEN I. LOCKE
                                       United States Magistrate Judge